Chapter 7  
Time and Date of Hearing: 9:30 a.m., July 23, 2021  
Location: Courtroom Telephonic  
Response Date: July 16, 2021  
Dial: 1-888-363-4749  
Enter Access Code: 2762430#; Press the # sign  
Enter Security Code when prompted: 5334#  
Speak your name when prompted

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | | |
|---|---|---|
| In Re: § § | | |
| BARNARD, NICHOLAS CLIFTON § § | Case No. 20-11870 | |
| Debtor § | | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RONALD G. BROWN - CHAPTER 7 TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
U.S. Bankruptcy Court
700 Stewart Street
Seattle, WA 98101

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 06/25/2021         By: BNC

*Ronald G. Brown - Chapter 7 Trustee*
*P.O. Box 2369*
*Kirkland, WA 98083*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

In Re: §
§
§
BARNARD, NICHOLAS CLIFTON § Case No. 20-11870
§
Debtor §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 10,500.00 |
| and approved disbursements of | $ | 22.05 |
| leaving a balance on hand of[1] | $ | 10,477.95 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: Ronald G. Brown - Chapter 7 Trustee | $ 1,800.00 | $ 0.00 | $ 1,800.00 |
| Trustee Expenses: Ronald G. Brown - Chapter 7 Trustee | $ 156.90 | $ 0.00 | $ 156.90 |
| Total to be paid for chapter 7 administrative expenses | | $ | 1,956.90 |
| Remaining Balance | | $ | 8,521.05 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) (Page: 2)

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 2,301.12 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 6A | Internal Revenue Service P.O. Box 7317 Philadelphia, PA 19101-7317 | $ 2,301.12 | $ 0.00 | $ 2,301.12 |
| | Total to be paid to priority creditors | | | $ 2,301.12 |
| | Remaining Balance | | | $ 6,219.93 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 95,176.99 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group LLC as agent for Crown Asset Management LLC PO Box 788 Kirkland, WA 98083-0788 | $ 24,605.95 | $ 0.00 | $ 1,608.03 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Department Stores National Bank c/o Quantum3 Group LLC PO Box 657 Kirkland, WA 98083-0657 | $ 201.48 | $ 0.00 | $ 13.16 |
| 3 | American Express National Bank c/o Becket and Lee LLP PO Box 3001 Malvern PA 19355-0701 | $ 2,675.84 | $ 0.00 | $ 174.87 |
| 4 | American Express National Bank c/o Becket and Lee LLP PO Box 3001 Malvern PA 19355-0701 | $ 1,308.53 | $ 0.00 | $ 85.51 |
| 5 | TD Bank, USA by American InfoSource as agent PO Box 248866 Oklahoma City, OK 73124-8866 | $ 818.47 | $ 0.00 | $ 53.49 |
| 7 | Ashley Funding Services, LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | $ 114.62 | $ 0.00 | $ 7.49 |
| 11 | Benjamin Schwartz 210B 26th Ave. E Seattle, WA 98112 | $ 0.00 | $ 0.00 | $ 0.00 |
| 13 | CREDIT FIRST NA PO BOX 818011 CLEVELAND, OH 44181 | $ 1,288.23 | $ 0.00 | $ 84.19 |
| 14 | BECU PO Box 97050 Seattle, WA 98124 | $ 1,505.63 | $ 0.00 | $ 98.39 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 15 | BECU<br>PO Box 97050<br>Seattle, WA 98124 | $ 2,147.82 | $ 0.00 | $ 140.36 |
| 16 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 | $ 2,634.03 | $ 0.00 | $ 172.14 |
| 17 | EVERGREEN PROFESSIONAL RECOVERIES INC<br>12100 NE 195TH ST STE 125<br>BOTHELL, WA 98011 | $ 1,171.00 | $ 0.00 | $ 76.53 |
| 18 | Randi Dolan<br>3112 Celt Aly<br>Nolensville, TN 37135 | $ 998.41 | $ 0.00 | $ 65.25 |
| 19 | Kay Hessemer<br>1302 N, 152nd Street #4<br>Shoreline, WA 98133 | $ 14,711.73 | $ 0.00 | $ 961.43 |
| 20 | Benjamin Schwartz<br>210B 26th Avenue East<br>Seattle, WA 98112 | $ 17,713.78 | $ 0.00 | $ 1,157.62 |
| 22 | Michelle Eckman<br>8628 SW 108th Place Road<br>Ocala, FL 34481 | $ 1,020.00 | $ 0.00 | $ 66.66 |
| 21 | U.S. Department of Education<br>P.O. Box 7860<br>Madison, WI 53707 | $ 22,261.47 | $ 0.00 | $ 1,454.81 |

    Total to be paid to timely general unsecured creditors    $    6,219.93

    Remaining Balance    $    0.00

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 171.69 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 6B | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | $ 171.69 | $ 0.00 | $ 0.00 |

Total to be paid to subordinated unsecured creditors       $       0.00

Remaining Balance       $       0.00

Prepared By: /s/RONALD G. BROWN, Trustee

*Ronald G. Brown - Chapter 7 Trustee*
*P.O. Box 2369*
*Kirkland, WA 98083*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.